# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIE ELICE FONTAINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-536-SPS |
| | ) |
| CITIBANK, N.A.; CITIMORTGAGE, | ) |
| INC.; CITIGROUP, INC.; U.S. | ) |
| BANCORP, INC.; U.S. BANK, NA; | ) |
| MORTGAGE ELECTRONIC; and | ) |
| MERSCORP HOLDINGS, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on motion by Defendants Citibank, CitiMortgage, Citigroup, U.S. Bank, Mortgage Electronic, and Merscorp Holdings [Docket No. 46] and by Defendant U.S. Bancorp, Inc. [Docket No. 47] (collectively, "Defendants") to dismiss the Amended Complaint of pro se Plaintiff Julie Elice Fontaine. Plaintiff sued the Defendants in state court in Wagoner County, alleging violations, *inter alia,* of the Truth in Lending Act and the Uniform Electronic Transactions Act, arising out of a mortgage transaction. The Defendants removed the case to this Court [Docket No. 3], and have now moved to dismiss the Plaintiff's Amended Complaint. For the reasons set forth below, the Court finds that the Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law by Defendants Citibank, CitiMortgage, Citigroup, U.S. Bank, MERS, and Merscorp [Docket No. 46] and Defendant U.S.

Bancorp, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 47] should be GRANTED.

## BACKGROUND

In her original state court Petition in Wagoner County, Case No. CJ-2014-0355, the Plaintiff alleged a number of facts related to the acquisition of a mortgage-secured title to property in Broken Arrow, Oklahoma, and identified six causes of action: fraud by omission, missing public assignments and violation of Oklahoma law, fraud in the inducement, violations of the OCC Consent Order (described in detail in the Petition), violations of 15 U.S.C. § 1641(g), and breach of contract. *See* Docket No. 3, Ex. 1, pp. 46-49. Upon removal of the case, Defendants filed Motions to Dismiss [Docket No. 14-15], and as part of Ms. Fontaine's Responses,[1] she requested leave to file an Amended Complaint, and further requested permission for her Amended Complaint to be over the twenty-five page limit [Docket Nos. 35-36]. The Court notes that the proposed Amended Complaint submitted by Ms. Fontaine was thirty-seven pages in length, but contained over seventy additional pages of exhibits and was accompanied by a "Memorandum of Points and Authorities in Support of Plaintiff's First Amended Complaint for Expungement of Mortgage and the Note." This Court entered a Minute Order granting in

---

[1] The Plaintiff, proceeding pro se, filed a number of "responses" to the Motions to Dismiss, titled, in part, "Motion to Strike." Affording Ms. Fontaine some leeway as a pro se litigant, the Court construes these "Motions" as the requisite responses to Defendants' Motions. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [her] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as [her] advocate.").

part and denying in part Ms. Fontaine's motion to file an Amended Complaint, denying her motion to exceed the page limitation, and directing her to:

> [F]ile within 14 days an Amended Complaint in compliance with Fed. R. Civ. P. 8, *i. e.*, "a short and plaint statement of the claim showing that the pleader is entitled to relief [and] a demand for the relief sought." Plaintiff must set forth the legal theories on which she is suing, the wrongdoing she claims was committed by the Defendants, the injury she suffered as a result of such misconduct, the damages she suffered as the result of such injury, and any non-monetary relief to which she may be entitled.

Docket No. 38. On September 8, 2015,[2] Ms. Fontaine filed her Amended Complaint against the Defendants. The Defendants have now renewed their Motions to Dismiss, noting that Ms. Fontaine's Amended Complaint does not include any counts or causes of actions and asserting that: (i) Ms. Fontaine's assertions that her mortgage and note are no longer valid because her loan was securitized is an argument that has previously and unanimously been rejected by other courts; (ii) although Ms. Fontaine references the Truth in Lending Act and the Uniform Electronic Transactions Act, she has failed to state a claim as to either of these statutes and any claim under the Truth in Lending Act is barred by the one-year statute of limitations; and (iii) Ms. Fontaine has failed to satisfy Fed. R. Civ. P. 8(a). Defendant U.S. Bancorp, Inc. adopts and incorporates those

---

[2] The Court notes that the Amended Complaint was filed eighteen days after the Minute Order was issued, outside the directed fourteen days. In the interests of justice, the Court finds that the Amended Complaint should not be stricken on this basis, and instead proceeds to evaluating the sufficiency of the Amended Complaint itself. *See, e. g.*, *Peel v. Turner*, 2007 WL 2156393, at *1 (N.D. Okla. July 25, 2007) ("Although plaintiff filed his amended complaint beyond the date specified by the Court, the Court finds that, in the interest of justice, the amended complaint should not be stricken. However, the Court directs plaintiff that, in the future, he shall adhere to the Court's orders, including deadlines for pleadings.").

arguments and further asserts that it is not a proper party and that Ms. Fontaine further failed to allege any actions attributable to U.S. Bancorp, Inc. in her Amended Complaint.

**ANALYSIS**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555-557, 570 [internal quotation marks omitted]. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "whether the complaint sufficiently

alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007), *quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

This Court is to liberally construe pro se pleadings, *see Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013); "this rule of constructions stops, however, at the point at which we begin to serve as [the pro se litigant's] advocate." *Pinson*, 584 F.3d at 975. Here, the Court finds that the Plaintiff has failed to comply with this Court's previous Order directing her to file an Amended Complaint in compliance with Fed. R. Civ. P. 8(a), and that her Amended Complaint should therefore be dismissed. Her twenty-two page Amended Complaint recites facts without linking them to state or federal statutes, and further fails to identify any causes of action or legal theories upon which she is suing, despite repeated opportunities from this Court that would allow her to do so. "Although pro se litigants' filings are held to less stringent standards than formal pleadings drafted by lawyers, they are still subject to the federal rules of civil and appellate procedure. At a minimum, rule 8(a) requires a comprehensible, short and plain statement of the claim(s) sufficient to give the opposing party reasonable and fair notice of the basis of the complaint." *Abdelsamed v. Colorado*, 6 Fed. App. 771, 772 (10th Cir. 2001) [internal citations and quotations omitted]. Furthermore, the Court notes that Ms. Fontaine has filed a number of similar cases in other Courts, and that at least one has already been dismissed for this very same reason, indicating previous instruction on the pleading requirements. *See, e. g.*, Case No. CIV-14-1944-WQH-DHB, *Fontaine v. Bank of America, et al.*, Docket No. 64 (S.D. Cal. June 25, 2015) ("Plaintiff's [First Amended

Complaint] consists of a series of bolded headings followed by dense paragraphs of indefinite allegations. . . . [and] fails to identify violations of law allegedly committed by Defendants, with the exception of references to violations of two federal statutes. With respect to the two federal statutes . . . Plaintiff's [First Amended Complaint] does not indicate the alleged wrongful act performed by each Defendant, preventing Defendants from responding to the allegations.").

The Court also finds that the Amended Complaint should be dismissed for two additional reasons. First, any claim under the Truth in Lending Act is outside the statute of limitations. Ms. Fontaine alleges that she entered into her mortgage on September 5, 2006. She did not file this case until October 17, 2014, well outside the one-year statute of limitations. 15 U.S.C. § 1640(e) ("[A]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation[.]"). *See also Betancourt v. Countrywide Home Loans, Inc.*, 344 F. Supp. 2d 1253, 1257 (D. Colo. 2004) ("Consummation of the transaction occurs 'at the time a contractual relationship is created between a creditor and a customer irrespective of the time of performance of either party.' . . . [T]he contractual relationship has been held to occur when the borrower signed the promissory note.") [internal citations omitted].

Second, Ms. Fontaine has failed to state a claim under either the Truth in Lending Act or the Uniform Electronic Transactions Act because she has filed to plead specific facts as to any specific Defendant, and the Amended Complaint is therefore devoid of factual allegations detailing how the Defendants, specifically, are liable. As such, the Court finds that the complaint does not "contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The Plaintiff's conclusory allegations are insufficient to "[nudge her] claims . . . across the line from conceivable to plausible[,]" *Iqbal*, 129 S. Ct. at 1951 [citation and internal quotations omitted], and the Amended Complaint should therefore be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Finally, the Defendants have requested that any dismissal in this case be with prejudice, as Ms. Fontaine has been given opportunities to amend her pleadings and has failed to state any actionable claims. Fed. R. Civ. P. 15(a)(2) provides that the "court should freely give leave when justice so requires," and that is especially true "when the plaintiff is proceeding pro se." *Panicker v. State Dept. of Agriculture*, 498 Fed. Appx. 755, 757 (10th Cir. 2012). However, the Court agrees with Defendants' position that amendment in this case would be futile. *See Chapman v. Chase Manhattan Mortgage Corp.,* 2007 WL 2815246, at *4 (N.D. Okla. Sept. 24, 2007) ("Chapman states that Chase harmed his credit by erroneously reporting that he was one month behind on his mortgage. This type of claim falls squarely within the [Fair Credit Reporting Act] and, under *Williams*[ *v. CSC Credit Services, Inc.*, 2007 WL 1959219 (N.D. Okla. June 29, 2007)], Chapman's claim under the OCPA is barred."). Because the Plaintiff has repeatedly failed to state a claim for relief under any viable cause of action, amendment to allow further claim for damages for the same actions would be futile. *See Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be

given freely, the district court may deny leave to amend where amendment would be futile[.] A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

## CONCLUSION

Consequently, IT IS ORDERED that the Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law by Defendants Citibank, CitiMortgage, Citigroup, U.S. Bank, MERS, and Merscorp [Docket No. 46] and Defendant U.S. Bancorp, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 47] are hereby GRANTED, and this case is hereby DISMISSED WITH PREJUDICE.

**DATED** this 3rd day of March, 2016.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma